**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2262-17

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

REGGIE JACKSON, a/k/a
SINCERE ALLAH,

     Defendant-Appellant.

_____

     Submitted on February 28, 2024 – Decided March 14, 2024

     Before Judges Susswein and Vanek.

     On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 96-11-1121.

     Reggie Jackson, appellant pro se.

     Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Leandra L. Cilindrello, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Reggie Jackson continues to serve a prison term of life plus forty years for murder, attempted murder, aggravated assault and a multitude of weapons offenses. In 1999, defendant was convicted for shooting a rival drug dealer and his rival's friends, and killing a fifteen-year-old boy who was sitting on a bicycle in front of the house where the shootout occurred. Defendant appeals the December 8, 2017 order denying his second petition for post-conviction relief (PCR). In this second PCR appeal, defendant asserts he received ineffective assistance of counsel at trial, on his direct appeal, and in his first PCR petition, raising new trial errors that he argues necessitate reversal of his conviction. Most of defendant's arguments are precluded under Rules 3:22-4 and -5. For those arguments that are not procedurally barred, we affirm for substantially the same reasons set forth by Judge Marilyn C. Clark in the thorough twenty-four-page decision accompanying the December 8, 2017 order.

The salient facts and procedural history were previously recounted in our decisions on plaintiff's direct appeal, State v. Jackson (Jackson I), No. A-5416-98 (App. Div. Mar. 21, 2001), and first PCR appeal, State v. Jackson (Jackson II), No. A-0028-11 (App. Div. June 20, 2014). We briefly set forth only the facts material to our determination of defendant's second PCR appeal.

A-2262-17

On July 15, 1996, defendant and co-defendant, Emir Outlaw, arrived at a private residence in Paterson and began shooting bullets toward the home's porch. Prior to the incident, defendant and Outlaw had several altercations with the resident of the home, Kevin Jackson,[1] including armed confrontations that turned violent, stemming from disputes regarding overlapping territories for drug sales and a stolen "stash" of drugs. In addition to Jackson, Deshon Brisbon, David Staggers, and Antwan Wilson were on or around the porch at approximately eleven o'clock in the evening. Gloria Sexton, another resident, was inside the home, and Tyeem Price, a fifteen-year-old who lived in the neighborhood, was sitting on his bike in front of the residence talking to another individual.

Jackson went to an alley beside the house to retrieve drugs. When he emerged, he saw two men dressed in black approaching the house. Both men were hooded, and one wore a mask. The men pulled out guns, one a handgun, the other a shotgun, and started shooting. Price died at the scene. Staggers lost vision in one eye, suffered severe injury to his other eye, and suffered other injuries that permanently impaired his cognitive and neurological functions.

---

[1] Defendant and Kevin Jackson share a surname but are not otherwise related. For clarity to the reader, we will refer to Kevin Jackson as "Jackson" and Reggie Jackson as "defendant."

Jackson suffered injuries to his abdomen that resulted in the removal of his spleen and portions of his liver, kidney and pancreas. Brisbon and Sexton suffered less severe injuries.

On November 19, 1996, defendant and Outlaw were charged in a thirty-one-count indictment with crimes including murder, aggravated assault, and a multitude of weapons charges. The jury trial commenced on January 27, 1999, after defendant's case was severed from Outlaw's, and continued through February 4.[2] As we have previously set forth in our prior opinion, although the facts of the case "were essentially uncontested, defendant disputed that he was one of the gunmen." Jackson II, slip op. at 4. "The State presented both circumstantial and direct evidence that defendant and . . . Outlaw[] were the shooters." Ibid.

On February 3, 1999, the trial court granted defendant's motion to suppress evidence that was collected during a search of defendant's sleeping area in the jail where he was detained.[3] State v. Jackson, 321 N.J. Super. 365, 383

---

[2] Outlaw was tried before defendant, was convicted of various crimes, and received an aggregate life sentence with forty years of parole ineligibility.

[3] The court rendered its decision on defendant's motion on February 3, 1999, during the pendency of the trial. The court issued a supplemental written

(Law Div. 1999). The court determined that the search was pretextual and "at the specific request of the prosecutor, who sought to recover incriminating evidence, including letters and writings believed to be in defendant's possession" regarding a possible alibi defense. Id. at 367, 369-71. This court concluded "that a cell search of a pretrial detainee implicates Fourth Amendment protections against unreasonable searches and seizures" and, accordingly, it suppressed any "evidence seized by the jail authorities without the benefit of a warrant." Id. at 367.

On February 5, 1999, defendant was convicted of knowing and purposeful murder, conspiracy to commit murder, two counts of attempted murder, two counts of aggravated assault and ten counts involving weapons offenses. As to the remaining counts, the jury either acquitted defendant or found defendant guilty of lesser included offenses.[4]

On April 7, 1999, the court sentenced defendant to an aggregate prison term of life plus forty years with fifty years of parole ineligibility. Defendant

opinion on April 6, 1999. The opinion was approved for publication on May 6, 1999.

[4] On February 3, 1999, the court dismissed count four – third-degree unlawful possession of a sawed-off shotgun, N.J.S.A. 2C:39-3(b) and N.J.S.A. 2C:2-6 – because of insufficient evidence.

A-2262-17

appealed his conviction, and we affirmed on March 21, 2001. Jackson I, slip op. at 20. On February 11, 2002, the Supreme Court denied certification. State v. Jackson, 171 N.J. 338 (2002).

On May 14, 2003, defendant filed his first PCR petition. The PCR court held a hearing on the PCR petition over five days. At the conclusion of the hearing, the PCR court denied defendant's request for relief. Defendant appealed, arguing primarily that his trial counsel was deficient for not presenting an alibi defense and for failing to request a hearing to challenge the reliability of the witnesses' identification of his tattoo pursuant to United States v. Wade, 388 U.S. 218 (1967).

On June 20, 2014, after careful consideration of defendant's arguments, the record and controlling law, we affirmed. Jackson II, slip op. at 1. We agreed with the trial court that "[b]ased on the evidence presented by defendant and the State at the PCR hearing, . . . defendant had failed to establish both elements of an ineffective-assistance claim." Id. at 18.

As to defendant's argument that his trial counsel was ineffective for not presenting an alibi defense or by failing to request a Wade hearing, we determined defendant had not shown a hearing would have established a reasonable probability of defendant's success at trial, as required under the

6

second prong of Strickland.[5]  Id. at 14-22.  We determined that the remainder of defendant's arguments did not merit extended discussion in our written opinion. Id. at 22-26.  On December 3, 2014, the Supreme Court denied certification, State v. Jackson, 220 N.J. 100 (2014).

On February 26, 2015, defendant filed his second PCR petition.  The pro se brief in support of his petition set forth nineteen arguments as to why he should be afforded relief including:  violation of due process; improper jury instructions regarding evidence of defendant's prior crimes; impermissible scope of expert testimony; incorrect assignment of accomplice liability; prosecutorial misconduct; unduly prejudicial testimony from Price's mother; admission of hearsay; failure of the court to decide dispositive motions prior to trial; judicial misconduct; ineffective assistance of trial, appellate, first PCR, and first PCR appellate counsel; and cumulative prejudicial errors.

On December 8, 2017, Judge Clark denied the second PCR request and entered a thorough twenty-four-page decision addressing each of defendant's arguments in full.  Judge Clark noted this court had already substantively addressed and rejected many of defendant's arguments in its prior decisions, Jackson I and Jackson II.  Among other rulings, Judge Clark considered

---

[5]  Strickland v. Washington, 466 U.S. 668, 694 (1984).

defendant's assertions regarding jury instructions, prejudicial testimony and evidence admissibility and found that each of them was previously disposed of and substantively without merit. As to defendant's argument regarding the jury's consideration of defendant's other crimes, the judge found defendant had proffered a "complete misstatement of the law" and the trial court had properly instructed the jury as to these matters.

Judge Clark concluded there were no arguments asserting ineffective assistance of counsel presented in the second PCR petition that had not already been considered in one of defendant's prior appeals, and her review of those decisions found no errors. Given her rejection of all of defendant's arguments, the judge found no merit in defendant's final assertion that the cumulative impact of the trial court's errors was prejudicial sufficient to merit reversal. Judge Clark found that "[b]ased upon [her] review of all of the proceedings, [she] strongly conclude[d] that [defendant] received a very fair trial."

On appeal from the denial of his second PCR petition, defendant contends:

> POINT I
>
> THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AND THE COURT SHOULD REMAND THE MATTER TO THE LAW DIVISION FOR AN EVIDENTIARY HEARING.

a. THE PCR COURT ERRED WHEN IT RULED DEFENDANT DID NOT RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL'S FAILURE TO MOVE TO QUASH THE INDICTMENT FOLLOWING GROSS PROSECUTORIAL MISCONDUCT.

b. STANDARD FOR DECIDING A FIFTH AMENDMENT DUE PROCESS VIOLATION.

c. THE SEARCH AND SEIZURE DIRECTED BY THE PROSECUTOR'S OFFICE AMOUNTS TO "OUTRAGEOUS" GOVERNMENT CONDUCT REQUIRING DISMISSAL OF THE INDICTMENT.

POINT II

THE PCR COURT ERRED WHEN IT RULED THAT DEFENDANT'S RIGHTS WERE NOT VIOLATED BY THE TRIAL COURT'S FAILURE TO INSTRUCT THE JURY THAT IT COULD NOT CONSIDER THE OTHER CRIMES EVIDENCE FOR THE PURPOSE OF MOTIVE UNTIL AFTER IT HAD FOUND DEFENDANT GUILTY OF THE HOMICIDE BEYOND A REASONABLE DOUBT; INDEPENDENTLY OF THE OTHER CRIMES EVIDENCE.

POINT III

THE PCR COURT ERRED WHEN IT RULED THAT DEFENDANT'S RIGHTS WERE NOT VIOLATED BY THE TRIAL COURT'S ERRONEOUS INSTRUCTION ON ORAL STATEMENTS OF THE DEFENDANT.

9

POINT IV

THE PCR COURT ERRED WHEN IT RULED THAT DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS NOT VIOLATED WHEN APPELLATE COUNSEL FAILED TO RAISE, AS ERROR, THE TRIAL COURT'S FAILURE TO REINSTRUCT THE JURY ON THE LAW OF ACCOMPLICE LIABILITY AS WAS REQUESTED BY THE JURY AND BOTH PARTIES.

POINT V

THE PCR COURT ERRED WHEN IT RULED THAT DEFENDANT'S RIGHTS WERE NOT VIOLATED BY PROSECUTORIAL MISCONDUCT DURING OPENING STATEMENTS AND SUMMATION CONCERNING DEFENDANT'S ALIAS.

POINT VI

THE PCR COURT ERRED WHEN IT FOUND THAT THE CUMULATIVE ERRORS PRESENTED IN HIS PETITION FOR [PCR] DID NOT WARRANT REVERSAL OF HIS CONVICTION.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). PCR "is New Jersey's analogue to the federal writ of habeas corpus." State v. Afanador, 151 N.J. 41, 49 (1997) (citing State v. Preciose, 129 N.J. 451, 459 (1992)). It is the vehicle through which a defendant may, after conviction and sentencing, challenge a judgment of

conviction by raising those issues "which could not have been raised on direct appeal" and, therefore, "ensures that a defendant was not unjustly convicted." State v. McQuaid, 147 N.J. 464, 482 (1997).

Pursuant to Rule 3:22-5, "prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings." This procedural bar specifically applies "if the issue raised is identical or substantially equivalent to that adjudicated previously on direct appeal." State v. Marshall III, 148 N.J. 89, 150 (1997) (quoting State v. Bontempo, 170 N.J. Super. 220, 234 (Law Div. 1979)).

Under Rule 3:22-4(b), a second PCR petition must be dismissed unless it is timely and it alleges:

> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>
> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would

11

> raise a reasonable probability that the relief sought would be granted; or
>
> (C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.
>
> [R. 3:22-4(b)(2).]

We consider whether defendant's arguments comport with Rule 3:22-4(b)(2). Our careful review of the record confirms there were no assertions of recently established constitutional protections or newly discovered evidence under Rule 3:22-4(b)(2). Therefore, we can only consider defendant's arguments that fall under Rule 3:22-4(b)(2)(C), positing that defendant's first PCR counsel was ineffective. Accordingly, we affirm the second PCR court's denial of relief as to defendant's arguments in Points II, III, IV, V and VI of his merits brief. We, therefore, need only consider his argument in Point I as to ineffective assistance of counsel on his first PCR appeal.

To establish a prima facie case of ineffective assistance of counsel, defendant must satisfy the two-prong test articulated in Strickland, 466 U.S. at 687, which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show . . . . counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."

A-2262-17

Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). Defendant must then show counsel's "deficient performance prejudiced the defense." Ibid. (quoting Strickland, 466 U.S. at 687). To show prejudice, defendant must establish by "a reasonable probability that" the deficient performance "materially contributed to defendant's conviction." Id. at 58.

We view defendant's arguments set forth in regarding the deficiency of counsel on his first PCR appeal through this lens. Although defendant argues his first PCR counsel was deficient, on appeal, he does not provide any substantive examples, explanation or law as to this bald assertion. "An issue not briefed on appeal is deemed waived." Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011).

The only particularized grievance with his first PCR counsel defendant identifies in his latest merits brief is in the passing assertion that the attorney did not argue trial counsel was deficient by failing to move to have the indictment quashed for prosecutorial misconduct stemming from the warrantless search of his sleeping area at the county jail before trial. We found this very argument, raised in Point III of defendant's first PCR petition, to be "without sufficient merit to warrant extended discussion in a written opinion" pursuant to

13                                                                    A-2262-17

Rule 2:11-3(e)(2).  Jackson II, slip op. at 12, 24.  However, we did offer the following:

> [D]efendant contends that the State gained insight into his trial strategy by orchestrating the seizure of letters he had composed to his attorney while he was in jail awaiting trial.  The circumstances are set forth in the trial court's opinion suppressing the State's use of the evidence.  Jackson, 321 N.J. Super. 365.  The information obtained by the State involved defendant's alibi defense.  Id. at 371.  Defense counsel successfully moved to suppress it.  Id. at 383.  It is clear from trial counsel's testimony at the PCR hearing that the evidence played no role in counsel not presenting an alibi defense.  Defendant's argument to the contrary consists of unsupported, conclusory assertions.
>
> . . . . And there is virtually no likelihood that a motion to dismiss the indictment based on the illegal search of his jail cell would have succeeded.
>
> [Jackson II, slip op. at 25-26 (emphasis added)(citations reformatted).]

As we have noted, "a prior adjudication on the merits ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for post-conviction review."  Preciose, 129 N.J. at 476 (citing R. 3:22-5).  We need not consider defendant's argument a second time as we have already substantively decided the same issue in connection with the first PCR petition.

To the extent we have not addressed defendant's remaining arguments, we are satisfied they lack sufficient merit to warrant discussion.  R. 2:11-3(e)(2).

14

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2262-17